| | |
|---|---|
| 1 | MICHAEL RHODES (CA Bar No. 116127) |
| | (rhodesmg@cooley.com) |
| 2 | COOLEY LLP |
| | 101 California Street, 5th Floor |
| 3 | San Francisco, CA 94111-5800 |
| 4 | Telephone: (415) 693-2000 |
| | Facsimile: (415) 693-2222 |
| 5 | |
| | HEIDI L. KEEFE (CA Bar No. 178960) |
| 6 | (hkeefe@cooley.com) |
| | COOLEY LLP |
| 7 | 3175 Hanover Street |
| 8 | Palo Alto, CA 94304-1130 |
| | Telephone: (650) 843-5000 |
| 9 | Facsimile: (650) 849-7400 |
| 10 | ADAM PIVOVAR (CA Bar No. 246507) |
| | (apivovar@cooley.com) |
| 11 | SAMUEL K. WHITT (CA Bar No. 284770) |
| | (swhitt@cooley.com) |
| 12 | COOLEY LLP |
| | 1299 Pennsylvania Avenue, NW |
| 13 | Suite 700 |
| | Washington, DC 20004-2446 |
| 14 | Telephone: (202) 842-7800 |
| | Facsimile: (202) 842-7899 |
| 15 | |
| | Attorneys for Defendant Tesla, Inc. |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ARSUS, LLC, | Case No. 3:20-CV-00313-RS |
| Plaintiff, | Judge Richard Seeborg |
| v. | **TESLA, INC.'S NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER RULE 12(B)(6)** |
| TESLA, INC., | |
| Defendant. | |
| | **Date:** July 23, 2020 |
| | **Time:** 1:30 p.m. |
| | **Ctrm:** 3 |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION ............................................................................................................... 1
I. SUMMARY OF ARGUMENT ....................................................................................... 1
II. STATEMENT OF FACTS ............................................................................................... 2
III. LEGAL STANDARD ...................................................................................................... 5
IV. ARGUMENT ................................................................................................................... 5
    A. Arsus Fails to State a Plausible Claim of Infringement of the '989 or '494 Patents ................................................................................................................. 5
    B. Arsus Should Not be Given Leave to Amend the First Amended Complaint ............. 7
V. CONCLUSION ................................................................................................................ 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arsus, LLC v. John H. Firmage, Inc.*,
    778 F. App'x 968 (Fed. Cir. 2019) .................................................................................. 4

*Arsus, LLC v. John H. Firmage, Inc.*,
    No. 1:17-CV-00125-DB, 2017 WL 11510691 (D. Utah July 27, 2017) ....................... 3

*Arsus, LLC v. John H. Firmage, Inc.*,
    No. 1:17-CV-00125-DB, 2018 WL 6026820 (D. Utah Nov. 16, 2018) ................... 3, 6

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................................................. 5, 7

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ...................................................................................................... 5

*Cole v. Sunnyvale*,
    No. C-08-05017, 2010 WL 532428 (N.D. Cal. Feb. 9, 2010) ...................................... 7

*Foman v. Davis*,
    371 U.S. 178 (1962) ...................................................................................................... 6

*Frost v. Vasan*,
    No. 16-CV-05883-RS, 2018 WL 10455902 (N.D. Cal. May 7, 2018) (Seeborg, J.) .... 7

*In re Gilead Scis. Sec. Litig.*,
    536 F.3d 1049 (9th Cir. 2008) ...................................................................................... 5

*Hourani v. Mirtchev*,
    943 F. Supp. 2d 159 (D.D.C. 2013) .............................................................................. 7

*J. Edwards Jewelry Distrib., LLC. v. Wells Fargo & Co.*,
    No. 18-cv-03886, 2019 WL 2329248 (N.D. Cal. May 31, 2019) ................................. 7

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*,
    806 F.2d 1393 (9th Cir. 1986) ...................................................................................... 6

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) .................................................................................... 5, 6

*Steckman v. Hart Brewing, Inc.*,
    143 F.3d 1293 (9th Cir. 1998) ...................................................................................... 6

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

**Other Authorities**

Federal Rule of Civil Procedure
    12(b)(6) ................................................................................................................. 1, 7

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD: PLEASE TAKE NOTICE that on July 23, 2020 at 1:30 p.m., or as soon thereafter as the motion may be heard, in the courtroom of the Honorable Richard Seeborg, located at the San Francisco Courthouse, Courtroom 3 – 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Tesla, Inc. ("Tesla") will and hereby does move the Court to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6), with prejudice, and enter judgment in favor of Tesla and against Plaintiff Arsus, LLC ("Arsus"), because the allegations in Arsus's Complaint fail to state a plausible claim for relief and futility of amendment precludes Arsus from alleging facts to state a plausible claim for relief.

The motion is based upon this Notice, the Memorandum of Points and Authorities submitted herewith, the pleadings, all matters of which the Court may take judicial notice, and any other argument or evidence that may be presented in support of this Motion.

**STATEMENT OF RELIEF REQUESTED**

Tesla requests that this Court dismiss Arsus's First Amended Complaint (Dkt. 14-1) pursuant to Rule 12(b)(6), with prejudice, and enter judgment in favor of Tesla and against Arsus.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     SUMMARY OF ARGUMENT**

Arsus's allegations of patent infringement remain deficient, and are in fact, self-defeating. Instead of pleading that Tesla's cars always prevent vehicle rollover as the claims require, the pleading admits that a driver—who can operate the vehicle in any manner, including (inadvisably) steering it such that it would roll over—retains ultimate control over the vehicle's steering. Arsus has thus pled itself out of court.

Indeed, Arsus's First Amended Complaint alleges facts that demonstrate the Tesla Autopilot system operates in materially the same way as a previously accused system by another car manufacturer that was found not to infringe. That decision was affirmed by the Federal Circuit and should not be relitigated here.

Accordingly, because Arsus does not—and cannot—state a plausible claim for relief, the Court should dismiss the First Amended Complaint with prejudice.

## II.  STATEMENT OF FACTS

Arsus sued Tesla on January 14, 2020, alleging infringement of U.S. Patents No. 8,634,989 ("'989 patent") and No. 10,259,494 ("'494 patent"). After Tesla moved to dismiss the original Complaint for failure to state a claim, in lieu of opposing the motion, Arsus filed its First Amended Complaint on April 7, 2020.[1] *See* Dkt. 14-1.

The First Amended Complaint alleges that Tesla infringes claims 1–4 of the '989 patent and claims 21–22 of the '494 patent. Dkt. 14-1 at ¶6. These asserted claims cover rollover prevention apparatuses for vehicles. Asserted claims 1–4 of the '989 patent recite:

> 1. A rollover prevention apparatus that allows a vehicle to be steered within a non-rollover steering range of motion of said vehicle but prevents said vehicle from being steered beyond a rollover threshold of said vehicle.
>
> 2. The apparatus of claim 1, wherein said apparatus prevents said vehicle from being steered to the point of vehicle rollover.
>
> 3. The apparatus of claim 1, wherein said apparatus is automatically actuated in response to the speed of said vehicle.
>
> 4. The apparatus of claim 1, wherein said apparatus prevents said vehicle from being steered to the point of vehicle rollover in a first direction but allows said vehicle to be freely steered in a second direction.

Asserted claims 21 and 22 of the '494 patent recite:

> 21. A steering apparatus configured to allow a vehicle to be steered out of an SOA path but not to the extent of vehicle rollover.
>
> 22. The steering apparatus of claim 21 wherein said apparatus includes an active mode, an inactive mode, a steering wheel, an actuator, at least one sensor, and an electronic control unit, and wherein said actuator is configured to actuate upon receipt of an actuation signal, and wherein said sensor is configured to sense the magnitude of at least one driving parameter, and wherein said electronic control unit is configured to send an actuation signal to said actuator when a sensed driving parameter exceeds a predetermined magnitude, and wherein said apparatus is configured such that when said vehicle rounds a curve at any rollover capable speed, the steering angle of said vehicle is prevented from being

---

[1] The Court subsequently denied Tesla's motion to dismiss the original Complaint as moot, "without prejudice to any argument that the amendments do not cure the deficiencies identified in the motion." Dkt. 15.

> increased to beyond a rollover threshold of said vehicle when said apparatus is in said active mode.

Arsus previously sued a BMW dealership in Utah in July 2017, asserting the same claims of the '989 patent that it currently asserts against Tesla, as well as asserting certain claims of U.S. Patent No. 9,580,103 ("'103 patent"). *See Arsus, LLC v. John H. Firmage, Inc.*, No. 1:17-CV-00125-BCW, 2017 WL 11510691 (D. Utah July 27, 2017) (attached as Exhibit 1). The '103 patent is the parent application of the presently asserted '494 patent.

In the BMW suit, Arsus accused BMW's Active Driving Assistance Plus ("ADAP") steering intervention system (BMW's "auto drive") of infringing claims 1–4 the '989 patent and several claims of the '103 patent. *Arsus, LLC v. John H. Firmage, Inc.*, No. 1:17-CV-00125-DB, 2018 WL 6026820, at *1-2 (D. Utah Nov. 16, 2018) (attached as Exhibit 2), *aff'd*, 778 F. App'x 968 (Fed. Cir. 2019).

As should happen here, the court rejected Arsus's infringement claims because the driver could always override the accused system and manually steer the vehicle beyond a rollover threshold. In that case, BMW sought summary judgment of non-infringement on the basis that the accused BMW vehicles' ADAP system did not practice any of the asserted claims, which required:

> [a] "rollover prevention apparatus that allows a vehicle to be steered within a non-rollover steering range of motion of said vehicle but *prevents said vehicle from being steered beyond a rollover threshold* of said vehicle," as well as a "vehicle having a first mode and a second mode and adapted such that when said vehicle is in said first mode, said vehicle is manually steerable within a non-rollover steering range of motion of said vehicle, and such that when said vehicle is in said second mode, said vehicle automatically imposes a steering angle limitation *such that said vehicle is prevented from being steered beyond a rollover threshold* of said vehicle."

*Id.* at *1 (emphasis added).

The court agreed with BMW that, even if fully credited, Arsus's arguments "[did] not establish facts sufficient for a prima facie case of patent infringement." *Id*. at *2. It determined that no claim construction was necessary to resolve the dispute because the plain and ordinary meaning of claim language was clear, requiring "that the apparatus (here the ADAP systems) prevent the vehicle from being steered beyond a rollover threshold." *Id*. at *2-3. Arsus did not contest the material fact that ***"a driver can always manually override the ADAP steering interventions and steer the vehicle beyond the rollover threshold."*** *Id*. at *2 (emphasis added). Accordingly, the court held that, because "ADAP

1  never physically prevents or restricts drivers from steering ADAP-equipped vehicles beyond the
2  rollover threshold," Plaintiff had "failed to show infringement of the asserted claims." *Id*. (emphasis
3  in original).

4      The Federal Circuit affirmed the grant of summary judgment of non-infringement. *Arsus, LLC*
5  *v. John H. Firmage, Inc.*, 778 F. App'x 968 (Fed. Cir. 2019) (attached as Exhibit 3).

6      Arsus here tries once more on essentially identical facts, accusing vehicles that use Tesla's
7  "Autopilot" system of infringing claims directed to rollover prevention. The First Amended Complaint
8  alleges:

> Within this District, Defendant has sold and offered for sale Tesla vehicles (the
> "accused vehicles") that directly infringe the '989 patent, claims 1 to 4, and the '494
> patent, claims 21 and 22, and is continuing to sell and offer for sale accused vehicles,
> namely, Tesla vehicles, such as Tesla models S, X and 3, equipped with Tesla's so-
> called Auto-pilot system, within this District. See the claim charts attached to this first
> amended complaint as Exhibit B.

13  Dkt. 14-1 at ¶6. Exhibit B to the First Amended Complaint contains a set of charts for the asserted
14  claims, each of which further directs one to "Appendix A" of the exhibit. *See* Dkt. 14-1 at Ex. B (pp.
15  39-45). Appendix A contains additional allegations regarding Tesla's Autopilot system. *Id*. at Ex. B
16  (p. 46).

17      In particular, Arsus alleges in Appendix A that the Autopilot system "automatically controls
18  the steering and braking of a vehicle in which it is installed such that when Autopilot is activated (i.e.
19  the vehicle is placed in autonomous mode) and traveling at a speed wherein a rollover threshold of the
20  vehicle exists . . . , the vehicle is autonomously driven down a path and yet is prevented from being
21  steered beyond a threshold of roll of the vehicle." *Id*. Arsus continues, "[w]ere this not so, then when
22  in the noted mode, the vehicle would be steered beyond a threshold of roll (i.e. the vehicle would roll
23  over) when encountering a curve in the road or at least would only be by chance if the vehicle happened
24  not to roll." *Id*. Critically, however, Arsus further alleges that "***[e]very Tesla vehicle in which***
25  ***Autopilot is installed also includes (and by law must include) a manual steering mode such that the***
26  ***vehicle operator may steer the vehicle in a conventional manner*** within a non-rollover steering range
27  of motion (not to mention ***within a rollover steering range of motion***)." *Id*. (emphasis added). Thus,

similar to the BMW ADAP system found not to infringe in the earlier case, Arsus admits that a driver of an Autopilot-equipped Tesla vehicle always retains the capability of manually steering the vehicle beyond the rollover threshold.

## III. LEGAL STANDARD

To survive a motion to dismiss, a complaint must plead "enough factual matter" to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). In other words, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted). Courts are not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Further, a party can plead himself out of a claim by including unnecessary details or allegations in the complaint that undermine or are contrary to the claims. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001).

## IV. ARGUMENT

### A. Arsus Fails to State a Plausible Claim of Infringement of the '989 or '494 Patents

Arsus fails to state a plausible claim for relief because the facts, as alleged by Arsus, affirmatively demonstrate that the accused Tesla Autopilot-equipped vehicles do not infringe any of the identified claims. Arsus had pled itself out of its infringement claims. *See Sprewell*, 266 F.3d at 988-89.

The plain and ordinary meaning of the claims is clear. Each requires, *inter alia*, that the accused apparatus *prevent* a vehicle from being steered such that it could or would roll over. *See* '989 patent at cl. 1 ("A rollover prevention apparatus that . . . prevents said vehicle from being steered beyond a rollover threshold of said vehicle."); '494 patent at cl. 21 ("A steering apparatus configured to allow a vehicle to be steered out of an SOA path *but not to the extent of vehicle rollover.*") (emphasis added).

Arsus effectively admits, however, that Autopilot-equipped Tesla vehicles do not have such a

1  steering apparatus that *prevents* the vehicle from rolling over. Arsus alleges that "[e]very Tesla vehicle
2  in which Autopilot is installed also includes (and by law must include) a manual steering mode such
3  that the vehicle operator may steer the vehicle in a conventional manner within a non-rollover steering
4  range of motion *(not to mention within a rollover steering range of motion)*." Dkt. 14-1 at Ex. B (p.
5  46) (emphasis added). Arsus thus acknowledges that a driver of an Autopilot-equipped Tesla vehicle
6  retains the ability to manually steer the vehicle beyond the rollover threshold. Just like the BMW
7  ADAP system found not to infringe—but "unlike Plaintiff's anti-roll steering apparatus"—Tesla's
8  Autopilot system "never physically prevents or restricts drivers from steering [Autopilot]-equipped
9  vehicles beyond the rollover threshold." *See Arsus*, 2018 WL 6026820, at *2 (emphasis in original).

10        Further, even after crediting Arsus's allegations that when the Autopilot system is engaged, it
11 acts to prevent the vehicle "from being steered beyond a threshold of roll," Arsus does not allege that
12 a driver is ever precluded from overriding the Autopilot steering control and manually steering the
13 vehicle beyond the rollover threshold. *See id.*; Dkt. 14-1 at Ex. B (p. 46). Indeed, the documents
14 included in Exhibit B of the First Amended Complaint show the opposite—that the driver retains the
15 capability of and ultimate responsibility for steering the vehicle. *See* Dkt. 14-1 at Ex. B (p. 50) ("The
16 driver is still responsible for, and ultimately in control of, the car."), (p. 56) (noting that "autopilot
17 isn't to be confused with a proper self-driving car"). These documents, combined with Arsus's
18 allegations concerning a driver's unrestricted ability to steer a vehicle "within a rollover steering range
19 of motion," contradict Arsus's claims of infringement. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d
20 1293, 1295–96 (9th Cir. 1998) ("[W]e are not required to accept as true conclusory allegations which
21 are contradicted by documents referred to in the complaint.").

22        Because the facts as alleged by Arsus show that a driver of an Autopilot-equipped vehicle
23 always retains the ability to manually steer a vehicle beyond the point of rollover, regardless of
24 whether the Autopilot system is engaged or not, Arsus has failed to state a plausible claim of
25 infringement of the asserted patents. *See Arsus*, 2018 WL 6026820, at *2-3; *Sprewell*, 266 F.3d at 988-
26 89 (affirming finding that plaintiff pled himself out of court by including documents containing facts
27 that contradicted his claims). The Court should thus dismiss Arsus's infringement claims.

28

**B.     Arsus Should Not be Given Leave to Amend the First Amended Complaint**

Dismissal with prejudice is proper if no facts can cure the pleading defects. *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Arsus's First Amended Complaint should be dismissed with prejudice because Arsus cannot allege an objectively reasonable set of facts under which it could prevail on a claim for infringement of the '989 or '494 patents.

As discussed above, Arsus pled facts in its First Amended Complaint that fatally undermine its infringement claims. Arsus is now bound by these facts as pled and is not permitted to ignore, disregard, or contradict them in the future. *See J. Edwards Jewelry Distrib., LLC. v. Wells Fargo & Co.*, No. 18-cv-03886, 2019 WL 2329248, at *4 (N.D. Cal. May 31, 2019) (analysis unaffected by the fact that plaintiff had eliminated in an amended pleading allegations and exhibit that undermined its claim); *Cole v. Sunnyvale*, No. C-08-05017, 2010 WL 532428, at *4 (N.D. Cal. Feb. 9, 2010) ("The court may also consider the prior allegations as part of its 'context-specific' inquiry based on its judicial experience and common sense to assess whether the Third Amended Complaint plausibly suggests an entitlement to relief, as required under *Iqbal*."); *see also Hourani v. Mirtchev*, 943 F. Supp. 2d 159, 171-72 (D.D.C. 2013) ("A plaintiff, however, may not plead facts in their amended complaint that contradict those in their original complaint.")

In view of the facts it has already pled, Arsus is incapable of amending its pleading to allege additional facts that demonstrate that Tesla's accused vehicles prevent steering in a manner that is materially different from the operations of the BMW ADAP system already found to be non-infringing by the Federal Circuit. It would be futile to allow Arsus to amend its First Amended Complaint. *Frost v. Vasan*, No. 16-CV-05883-RS, 2018 WL 10455902, at *1 (N.D. Cal. May 7, 2018) (Seeborg, J.) (dismissing complaint because its "claims remain frivolous and implausible on their face").

**V.     CONCLUSION**

For the foregoing reasons, Tesla respectfully requests that this Court dismiss Arsus's First Amended Complaint pursuant to Rule 12(b)(6), with prejudice, and enter judgment in favor of Tesla and against Arsus.

Dated: June 12, 2020

Respectfully submitted,

/s/ *Adam Pivovar*
MICHAEL RHODES (CA Bar No. 116127)
rhodesmg@cooley.com
COOLEY LLP
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

HEIDI L. KEEFE (CA Bar No. 178960)
hkeefe@cooley.com
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

ADAM PIVOVAR (CA Bar No. 246507)
apivovar@cooley.com
SAMUEL K. WHITT (CA Bar No. 284770)
swhitt@cooley.com
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2446
Telephone: (202) 842-7800
Facsimile: (202) 842-7899

*Counsel for Defendant Tesla, Inc.*