United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ARSUS, LLC,

    Plaintiff,

v.

TESLA MOTORS, INC.,

    Defendant.

Case No. 20-cv-00313-RS

**ORDER GRANTING MOTION TO DISMISS, WITH LEAVE TO AMEND**

    Plaintiff Arsus, LLC asserts infringement of two patents it holds relating to apparatuses for preventing vehicles from being steered to the point of rollover. Defendant Tesla Motors, Inc. moves to dismiss, arguing that the allegations in the claim charts attached to the complaint conclusively establish that vehicles equipped with its Autopilot system do not infringe. Pursuant to Civil Local Rule 7-1(b), the matter has been submitted without oral argument. The motion will be granted, with leave to amend.

Standards

    A complaint must contain a short and plain statement of the claim showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a). While "detailed factual allegations" are not required, a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). A Rule 12(b)(6) motion tests the legal sufficiency of the claims alleged in the

complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Thus, dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged" under a cognizable legal theory. *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013). When evaluating such a motion, courts generally "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In opposition to this motion, Arsus repeatedly and vehemently asserts "A claim may be dismissed only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" That statement, which originated in *Conley v. Gibson*, 355 U.S. 41 (1957), was rejected by the Supreme Court over thirteen years ago. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007)("[T]his famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard . . . .")

Arsus also discusses at length the elements reflected in former Form 18, previously appended to the Federal Rules of Civil Procedure. Although Arsus acknowledges the forms were abrogated in 2015, it fails to explain why it believes they are still relevant.

Finally, Arsus insists this is "not a *Twombly/Iqbal* Motion." It is unclear what Arsus thinks that means, although it may have to do with the fact that Tesla is not arguing the complaint lacks sufficient factual allegations in a more typical sense. In any event, *Twombly* and *Iqbal* are most assuredly relevant to this motion, which is brought under Rule 12(b)(6) and argues that the facts as pleaded do not reveal a plausible claim.

Discussion

Tesla contends, and Arsus does not dispute (at least for purposes of this motion), that (a) the plain and ordinary meaning of the asserted claims are clear and do not require construction, and (b) the asserted claims require the accused apparatus (here the Tesla Autopilot system) to prevent a

vehicle from being steered beyond the point where it could or would roll over. Tesla points to a decision from the District Court of Utah where Arsus alleged infringement of one of these same patents against an BMW autopilot system that Tesla contends is not materially different from its own. There, the court ruled on summary judgment (subsequently affirmed by the Federal Circuit) that because the autopilot system at no point in time prevented a driver from manually steering the vehicle to the point of rollover, there could be no infringement. *See* Arsus, *LLC v. John H. Firmage, Inc.*, 2018 WL 6026820, at *2 (D. Utah Nov. 16, 2018) (aff'd, 778 F. App'x 968 (Fed. Cir. 2019)) ("Simply put, ADAP never actually prevents the vehicle from being steered beyond a rollover threshold at any point, including when ADAP is in the engaged mode. Plaintiff has thus failed to show infringement of the asserted claims."). Tesla contends Arsus has "pled itself out of court" here because the amended complaint effectively admits that a driver of an Autopilot-equipped Tesla vehicle always retains the capability of manually steering the vehicle beyond the rollover threshold.

Arsus' opposition to the motion largely misses the point. Arsus argues at length the non-controversial proposition that a patent can be successfully asserted against an accused product that infringes some of the time or under some conditions, even if it does not infringe all of the time, or under all conditions. Therefore, Arsus insists, it is of no consequence that the Tesla autopilot system can be turned off by the driver. True enough, but Tesla is not arguing that its system does not infringe only when it is turned off. Rather, Tesla contends that because the driver is never prevented from manually oversteering even when the system is turned *on*, there is no infringement.

Arsus also accuses Tesla of incorrectly asserting that Arsus has *admitted* that the Tesla system is functionally identical to the BMW system at issue in the Utah case. Tesla made no such claim. Rather, Tesla merely pointed out that Arsus had failed to identify any basis on which to distinguish the two systems.

Finally, Arsus argues at length that the Utah case cannot give rise to claim preclusion, for a number of reasons. That too is a strawman argument. Tesla does not seek dismissal on the basis of claim preclusion.

CASE NO. 20-cv-00313-RS

3

Therefore, the only remaining question is whether Arsus has alleged facts plausibly supporting an inference that the Tesla autopilot system, when engaged, actually prevents a driver from steering the vehicle beyond the rollover threshold. It has not. Although its allegations and arguments are not completely clear, it appears Arsus is merely contending that because the Tesla *autopilot itself* will never steer the vehicle to rollover when activated, that suffices. Unless the autopilot system when activated actually *prevents the driver* from oversteering the vehicle, however, there would be no infringement, at least based on any arguments Arsus has presented to date.

Accordingly, the complaint must be dismissed. Arsus will be given leave to amend. It is cautioned, however, that it must have a good faith basis either (1) to allege that as a factual matter the Tesla autopilot system when engaged prevents a driver from steering the vehicle beyond the rollover threshold, or (2) to argue that an infringement claim is viable even in the absence of such a restraint on driver oversteer, and an explanation for why it did not previously present such an argument. Any amended complaint, or a statement that Arsus declines to amend, must be filed within 30 days of the date of this order.

**IT IS SO ORDERED**.

Dated: August 14, 2020

RICHARD SEEBORG
United States District Judge