1  MICHAEL RHODES (CA Bar No. 116127)
   (rhodesmg@cooley.com)
2  COOLEY LLP
   101 California Street, 5th Floor
3  San Francisco, CA 94111-5800
   Telephone: (415) 693-2000
4  Facsimile: (415) 693-2222

5
   HEIDI L. KEEFE (CA Bar No. 178960)
6  (hkeefe@cooley.com)
   COOLEY LLP
7  3175 Hanover Street
   Palo Alto, CA 94304-1130
8  Telephone: (650) 843-5000
   Facsimile: (650) 849-7400
9

10 ADAM PIVOVAR (CA Bar No. 246507)
   (apivovar@cooley.com)
11 SAMUEL K. WHITT (CA Bar No. 284770)
   (swhitt@cooley.com)
12 COOLEY LLP
   1299 Pennsylvania Avenue, NW
13 Suite 700
   Washington, DC 20004-2446
14 Telephone: (202) 842-7800
   Facsimile: (202) 842-7899
15

16 Attorneys for Defendant Tesla, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ARSUS, LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>TESLA, INC.,<br><br>          Defendant. | Case No. 3:20-CV-00313-RS<br><br>Judge Richard Seeborg<br><br>**TESLA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER RULE 12(B)(6)**<br><br>**Date:     October 29, 2020**<br>**Time:    1:30 p.m.**<br>**Ctrm:    3** |

# TABLE OF CONTENTS

**Page**

I. ARGUMENT ............................................................................................................................ 1

    A. Arsus cannot salvage its previously rejected "on/off" infringement theory with mere conclusory, contradicted allegations ................................................................ 1

    B. Arsus's "no driver present" allegations are not relevant to the asserted apparatus claims .................................................................................................... 3

    C. This Court has already rejected Arsus's arguments that rely on the "on/off" distinction ............................................................................................................ 6

    D. Arsus should not be granted leave to amend because it cannot cure the defects in its Second Amended Complaint ......................................................................... 6

II. CONCLUSION ....................................................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Airs Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc.*,
　744 F.3d 595 (9th Cir. 2014) ............................................................................................6

*Arsus, LLC v. John H. Firmage, Inc.*,
　No. 1:17-CV-00125-DB, 2018 WL 6026820 (D. Utah Nov. 16, 2018), *aff'd*, 778 F.
　App'x 968 (Fed. Cir. 2019) .......................................................................................1, 2, 3

*Finjan, Inc. v. Secure Computing Corp.*,
　626 F.3d 1197 (Fed. Cir. 2010) .......................................................................................5, 6

*Hewlett-Packard Co. v. Bausch & Lomb Inc.*,
　909 F.2d 1464 (Fed. Cir. 1990) .........................................................................................4

*Sprewell v. Golden State Warriors*,
　266 F.3d 979 (9th Cir. 2001) ............................................................................................2

*Steckman v. Hart Brewing, Inc.*,
　143 F.3d 1293 (9th Cir. 1998) ..........................................................................................2

**Statutes**

35 U.S.C. § 285 ......................................................................................................................3

**Other Authorities**

Rule 12(b)(6) .....................................................................................................................3, 7

Rather than present new facts or argument, Arsus just insists this Court got its last order wrong. As before, Arsus "largely misses the point." *See* Dkt. 27 at 3. Arsus still does not—and cannot—state a plausible claim for infringement of its patents directed to apparatuses that prevent vehicle rollover because it has alleged facts that contradict and negate its infringement claims. As three separate courts have found, including this Court, where a vehicle is configured to accept manual steering input that can steer a vehicle to rollover at any point, as here, the vehicle does not prevent such oversteering past a rollover threshold. The Court should again reject Arsus's flawed arguments and grant Tesla's motion to dismiss the SAC with prejudice.

**I. ARGUMENT**

**A. Arsus cannot salvage its previously rejected "on/off" infringement theory with mere conclusory, contradicted allegations**

As discussed in Tesla's motion to dismiss, Arsus previously raised the same infringement theory it now relies upon in the SAC—*i.e.*, an autonomous vehicle steering system infringes its claims directed to the prevention of vehicle rollover, at least when such an autonomous steering system is "active." This infringement theory was rejected in Arsus's previous suit, both by the district court and the Federal Circuit. *Arsus, LLC v. John H. Firmage, Inc.*, No. 1:17-CV-00125-DB, 2018 WL 6026820 (D. Utah Nov. 16, 2018), *aff'd*, 778 F. App'x 968 (Fed. Cir. 2019) (*see* Dkt. 20-2, 20-3). In this prior suit, Arsus accused BMW's Active Driving Assistance Plus ("ADAP")-equipped vehicles of infringing the same and similar claims to those asserted in the SAC.

Arsus seeks to discount the significance of these rulings rejecting the same "on/off," infringement theory that it relies upon again here by alleging in conclusory fashion that "BMW's ADAP system and Tesla's Autopilot system are **materially different** from one [an]other." Dkt. 30 ¶ 14 (emphasis in original). Arsus nominally supports this allegation by: (i) ignoring the arguments it made in this previous suit to thereby misrepresent the district court's findings and draw a false contrast to its current allegations and (ii) alleging a purported distinction between the BMW ADAP and Tesla Autopilot systems that, even if assumed true, fails to materially distinguish the systems in a manner relevant to the infringement of the asserted claims.

The Court need not—and indeed should not—accept Arsus's conclusory allegations as true, as

they are contradicted by the public record, the district court's opinion in the BMW suit, and by Arsus's other allegations and exhibits within the SAC. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ("The court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.") (internal citation omitted); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint.").

First, in the SAC and in its opposition, Arsus suggests that the district court's opinion in the BMW case somehow shows that the ADAP and Autopilot systems are materially different. *See* Dkt. 30 ¶¶ 14-21; Dkt. 32 at 3-6. This is not so. The district court did *not* find, for example, that contrary to what Arsus had argued, BMW ADAP-equipped vehicles did not autonomously drive or would "self-steer" past the rollover threshold when ADAP was in engaged mode. Rather, it found that, "even if fully credited"—*i.e.*, even if ADAP-equipped vehicles would not self-steer past the rollover threshold when ADAP was active and a driver would deactivate the ADAP system by manually turning the steering wheel—Arsus's arguments "[did] not establish facts sufficient for a prima facie case of patent infringement." *Arsus*, 2018 WL 6026820 at *2.

In reality, Arsus's allegations of a material difference between the ADAP and Autopilot systems are contradicted by the arguments Arsus made in its opposition to summary judgment and on appeal in the prior BMW suit. As detailed in Tesla's motion to dismiss, Arsus argued in the BMW case that: (1) ADAP-equipped BMW vehicles would "self-steer" or steer autonomously without needing driver intervention when the ADAP system was in engaged mode, (2) that the act of a driver manually turning the steering wheel of a vehicle when the ADAP system was active, deactivated the ADAP system; and (3) that the ADAP system infringed the asserted claims when it was active, and it did not matter that a driver could concededly manually steer the vehicle past the point of vehicle rollover because, argued Arsus, the ADAP system was not in the engaged mode under such circumstances. *See* Dkt. 31 at 4-6, 10-12 (*citing* Dkt. 23-1, Ex. 1 at 1-2, 9, 11.)

Because Arsus now repeats essentially identical arguments in the present case (*see* Dkt. 30 ¶¶

15-29), Arsus tacitly admits that the two systems are not materially different, notwithstanding Arsus's conclusory allegations to the contrary. And, the Court should find that Arsus has (yet again) failed to state a plausible claim of infringement for the same reasons given by the district court in the prior BMW suit. Namely, because Tesla's Autopilot system—just like the ADAP system—"never physically prevents or restricts drivers from steering [Autopilot]-equipped vehicles beyond the rollover threshold," it "never actually prevents the vehicle from being steered beyond a rollover threshold at any point, including when [Autopilot] is in the engaged mode." *See Arsus*, 2018 WL 6026820 at *2. The district court—and subsequently the Federal Circuit—thus rejected Arsus's "on/off" infringement theory for vehicles having some alleged autonomous driving capabilities but no limits on the ability to manually steer the vehicle. *See* Dkt. 31 at 10-12.

Arsus also once again raises the same strawman argument (*see* Dkt. 27 at 3) that it raised in its previous opposition to Tesla's motion to dismiss, asserting that the judgments of these courts should not be given any collateral estoppel effect. Dkt. 32 at 21-24. Tesla has not argued, however, that the SAC should be dismissed on the basis of collateral estoppel.[1] Tesla's motion is based on the allegations provided by Arsus in its SAC that fatally undermine Arsus's claims of infringement. Dkt. 31 at 8-10. Again, because the facts as alleged by Arsus show that an Autopilot-equipped vehicle is always capable of accepting manual steering input that (inadvisably) steers the vehicle beyond the point of rollover, regardless of whether the Autopilot system is engaged or not, Arsus has failed to state a plausible claim of infringement of the asserted patents. *See* Dkt. 30, Ex. B (pp. 46, 50, 56). This is true even if Arsus had not previously brought its suit accusing the BMW ADAP system. The prior BMW suit, however, defined the relevant scope of the asserted claims and confirms that Arsus's SAC fails to state a plausible claim for relief.

### B. Arsus's "no driver present" allegations are not relevant to the asserted apparatus claims

Next, Arsus also attempts to distinguish the BMW ADAP system by alleging that the Autopilot

---

[1] Although relevant to understanding the limited scope of the asserted claims for purposes of the present motion to dismiss under Rule 12(b)(6), Tesla does not herein ask the Court make a ruling under principles of collateral estoppel. Tesla, however, reserves the right to raise such an argument in support of potential motions for summary judgment, judgment on the pleadings, and/or for fees under 35 U.S.C. § 285, should the Court decline to grant the present motion to dismiss.

system is a more advanced autonomous driving system. Arsus alleges that a Tesla vehicle using Autopilot could be operated with "no driver present," while a BMW ADAP-equipped vehicle purportedly could not. *See, e.g.*, Dkt. 30 ¶ 27. But, even if this allegation is assumed true for purposes of this motion, it does not materially distinguish the Autopilot system from the ADAP system in a manner relevant to the asserted claims or save Arsus's infringement claims.

Arsus argues in its opposition that in the "no driver present" scenario, only the Autopilot system steers the Tesla vehicle, and because there is no driver present to turn off the Autopilot, the "'can a driver make input into steering' question does not arise, because there is no driver at all." *See* Dkt. 32 at 11. Arsus's argument is specious, however, because it conflicts with controlling law and its earlier allegations noting that the asserted claims are apparatus claims and do not mention or require a "driver." *See* Dkt. 30 ¶¶ 7-8.

As the Federal Circuit has emphasized, "apparatus claims cover what a device *is*, not what a device *does*." *Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1468 (Fed. Cir. 1990) (emphasis in original). Here, Arsus concedes that the accused Autopilot-equipped Tesla vehicles, like the accused vehicles in the BMW case, have an operable steering wheel that is capable of accepting manual steering input that steers the vehicle past a rollover threshold. *E.g.,* Dkt. 30 ¶ 16, Ex. B (p. 46). In other words, the accused apparatus has a structural feature—an operable steering wheel—that is capable of accepting manual steering input that (inadvisably) steers the vehicle beyond a rollover threshold. This is what the accused apparatus *is*. It does not matter for purposes of infringement whether a driver actually supplies a manual steering input that actually steers the vehicle beyond a rollover threshold or even whether there is actually a driver present to supply any manual steering input at all. These are questions about what the accused apparatus *does* under particular circumstances or conditions.[2] What matters for purposes of infringement—or the absence thereof, in this case—is the fact that the Autopilot system, regardless of whether it is active or inactive, never prevents or restricts such manual steering input into the operable steering wheel that concededly could steer the

---

[2] Further illustrating this point, Arsus has not limited its infringement claims to the "no driver present" scenario, but rather alleges that Tesla Autopilot-equipped vehicles infringe the asserted claims, irrespective of whether a driver is present or not. Dkt. 30 ¶ 6.

vehicle beyond a rollover threshold. Thus, the accused apparatus never infringes the asserted claims.

Arsus attempts to avoid this fact by arguing that the steering wheel, in addition to accepting steering input, essentially acts as an "off" button, deactivating a previously activated Autopilot when turned. *E.g.*, Dkt. 30, ¶ 16. Arsus further argues that the question of infringement should be analyzed by considering Autopilot's active modes and inactive modes separately, and if it infringes in active mode, that is sufficient. *Id.*, ¶¶ 17, 20. As previously discussed, the District Court of Utah and the Federal Circuit rightly rejected this same argument made by Arsus for the materially indistinct BMW ADAP system.

Moreover, the cases that Arsus cites in support of its "on/off" theory of infringement (*see* Dkt. 32 at 15) are either inapposite to the facts of this case or actually further undermine it. In particular, in *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197 (Fed. Cir. 2010), the Federal Circuit considered system and other non-method claims that recited software components having specific purposes or functions—*e.g.*, "a logical engine *for preventing* execution." *Id*. at 1204-05 (emphasis in original). The court noted that the claim language did not require these components to be "active" or "enabled," only that they be present in the software. *Id*. Because it was undisputed that the claimed components were present in the accused software product, the court rejected the defendant's argument, which hinged on the components being active, and found that the software infringed, regardless of whether the components were active or inactive. *Id*. at 1205. Here, the same reasoning applies, but the conclusion is flipped because of the reversed stances of the parties. The asserted claims require that the accused apparatus (*i.e.*, Tesla Autopilot-equipped vehicles) *prevent* the vehicle from being steered beyond a rollover threshold. It is undisputed that the accused apparatus has an operable steering wheel that *always* permits manual steering input that can steer the vehicle beyond a rollover threshold. *E.g.,* Dkt. 30 ¶ 16, Ex. B at 46. Accordingly, the accused apparatus *never* infringes because the Autopilot system never prevents such manual steering input that can steer the vehicle beyond a rollover threshold, regardless of whether Autopilot is engaged or not. *Finjan* thus belies Arsus's attempt to separate and limit the infringement analysis to a particular (active or inactive) state of the accused apparatus.

### C. This Court has already rejected Arsus's arguments that rely on the "on/off" distinction

Finally, in addition to the District Court of Utah and the Federal Circuit in the BMW case, this Court has already rejected Arsus's "on/off" theory of infringement. In its opposition to the motion to dismiss the First Amended Complaint, Arsus already argued that "Yes, a driver of an Autopilot equipped Tesla vehicle can **turn off** the Tesla 'Autopilot', and take over driving the Tesla vehicle manually. But doing so doesn't prevent Tesla from being liable for infringing ARSUS's asserted claims, **when the Tesla 'Autopilot' is activated (aka turned on)**." *See* Dkt. 22 at 4-7 (emphasis in original). This Court rejected this argument, granted the motion to dismiss, and expressly warned Arsus that that "it must have a good faith basis either (1) to allege that as a factual matter the Tesla autopilot system when engaged prevents a driver from steering the vehicle beyond the rollover threshold, or (2) to argue that an infringement claim is viable even in the absence of such a restraint on driver oversteer, and an explanation for why it did not previously present such an argument." Dkt. 27 at 3-4. Arsus has done neither. Instead, it merely repackaged its previously-raised and rejected arguments as allegations in its Second Amended Complaint.

### D. Arsus should not be granted leave to amend because it cannot cure the defects in its Second Amended Complaint

Arsus's SAC should be dismissed with prejudice because Arsus cannot allege an objectively reasonable set of facts under which it could prevail on a claim for infringement of the '989 or '494 patents, as evidenced by Arsus's insistence on presenting the same flawed theory in its SAC that this Court previously rejected from the FAC. *See Airs Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) (concluding leave to amend would be futile because of previous allegations that contradicted plaintiff's claims, noting "[a] party cannot amend pleadings to directly contradict an earlier assertion made in the same proceeding" (quotation, editing marks and citation omitted)). In view of the facts it has already pled, Arsus is incapable of amending its pleading to allege additional facts that show that Tesla's accused vehicles infringe the asserted claims, making any such amendment futile. Arsus should not be given a fourth attempt to do the impossible and cure the incurable defects in its claims.

## II. CONCLUSION

For the foregoing reasons and those presented in its motion to dismiss (Dkt. 31), Tesla respectfully requests that this Court dismiss Arsus's SAC pursuant to Rule 12(b)(6), with prejudice, and enter judgment in favor of Tesla and against Arsus.

Dated: October 13, 2020

Respectfully submitted,

*/s/ Adam Pivovar*
MICHAEL RHODES (CA Bar No. 116127)
rhodesmg@cooley.com
COOLEY LLP
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

HEIDI L. KEEFE (CA Bar No. 178960)
hkeefe@cooley.com
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

ADAM PIVOVAR (CA Bar No. 246507)
apivovar@cooley.com
SAMUEL K. WHITT (CA Bar No. 284770)
swhitt@cooley.com
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2446
Telephone: (202) 842-7800
Facsimile: (202) 842-7899

*Counsel for Defendant Tesla, Inc.*