STEVEN A. NIELSEN (SBN 133864)
(STEVE@NIELSENPATENTS.COM)
100 LARKSPUR LANDING CIRCLE, SUITE 216
LARKSPUR, CA 94939-1743
TELEPHONE: (415) 272-8210

Patrick F. Bright (SBN 68709)
Wagner, Anderson & Bright PC
10924 W. Pico Boulevard #214
Los Angeles, CA 90064
(213) 700-6637
pbright@brightpatentlaw.com

Attorneys for Plaintiff
ARSUS, LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ARSUS, LLC,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>TESLA MOTORS, INC.,<br><br>　　　　　　Defendant. | PATENT<br><br>Case No. 3:20-cv-313-RS<br><br>**Arsus, LLC's Ex Parte Application for Relief Under Local Rules 4-1(b) and 3-4**<br>Date: April 28, 2021<br>**Place: Court of Judge Richard Seeborg** |

Plaintiff Arsus, LLC ("Plaintiff"), hereby applies, ex parte, for relief under Local Rules 4-2 and 3-4. Counsel for Arsus, LLC and Tesla, Inc. ("Tesla") have not resolved these two matters despite exchanges of email correspondence.

Plaintiff therefore here applies ex parte for Court orders resolving these matters. Plaintiff is concurrently filing such a proposed order.

**A. Plaintiff Seeks Relief Under LR 4-1(b)**

Plaintiff's Ex Parte Application　　　　　　- 1 -

Tesla has served Plaintiff's counsel with 13 terms and phrases that Tesla asks this Court to interpret. See Exhibit A for a copy of these 13 items. In accordance with LR 4-1(b), second sentence ("The parties shall also jointly identify **the 10 terms** likely to be most significant to resolving the parties' dispute, including those terms for which construction may be case or claim dispositive.") Plaintiff has proposed to Tesla dropping the first three items from Tesla's list, in part because these items are duplicative of others in Tesla's list, and in part because they are entire claims, not portions of a claim. Such an order will reduce, from 13 to 10, the total number of terms that the Court will be asked to interpret. Tesla has not replied to this proposal.

Because Plaintiff must file its first brief on the claim interpretation issues by May 7, 2021, Plaintiff needs the Court's immediate assistance. Plaintiff asks this Court to order that the first, second, third, and seventh items on Exhibit A hereto shall be dropped from claim interpretation.

### B. Plaintiff Seeks Relief Under LR 3-4

LR 3-4 provides that:

> "3-4. Document Production Accompanying Invalidity Contentions
> With the "Invalidity Contentions," the party opposing a claim of patent infringement shall produce or make available for inspection and copying:…
> **(b)** A copy or sample of the prior art identified pursuant to Patent L.R. 3-3(a) which does not appear in the file history of the patent(s) at issue. To the extent any such item is not in English, an English translation of the portion(s) relied upon shall be produced;
> **(c)** All agreements that the party opposing infringement contends are comparable to a license that would result from a hypothetical reasonable royalty negotiation;

**(d)** Documents sufficient to show the sales, revenue, cost, and profits for accused instrumentalities identified pursuant to Patent L.R. 3-1(b) for any period of alleged infringement; and

**(e)** All agreements that may be used to support the party denying infringement's damages case.

The producing party shall separately identify by production number which documents correspond to each category"

Tesla's document production served under LR 3-4 is an incomprehensible assembly of TIFF page images, and not discrete copies of the documents called for in paragraphs (b) through (e) of LR 3-4. Counsel for Tesla has refused to serve counsel for Plaintiff with such discrete copies, despite repeated request for them, impeding Plaintiff's discovery materially.

Plaintiff asks this Court to provide the relief Plaintiff requests in this application

/s/ Patrick Bright

Patrick Bright (SBN 68709)

Wagner, Anderson & Bright PC, Attorneys for Arsus, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that this document, namely, Arsus, LLC's Ex Parte Application is being served electronically, via email, on April 28, 2021, to the attorneys of record for Defendant, namely: apivovar@cooley.com

/s/Patrick Bright