1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ARSUS, LLC,

                    Plaintiff,

          v.

TESLA MOTORS, INC.,

                    Defendant.

Case No.  20-cv-00313-RS

**ORDER RE RULES COMPLIANCE**

        The process of preparing for claims construction in this case has broken down. In compliance with Patent Local Rule 4-1(a), defendant apparently served on plaintiff a list of claim terms that defendant contended should be construed, and identified those terms it believes are governed by 35 U.S.C. § 112(6). After some email correspondence had been exchanged between the parties, plaintiff brought what it labeled an "ex parte motion" requesting the Court to strike three of the thirteen terms defendant was proposing for construction. That motion was denied and the parties were directed to make every good faith effort to comply with the requirement of Patent Local Rule 4-1(b) that they "jointly identify the 10 terms likely to be most significant."

        Rule 4-3(c) expressly provides what the parties are to do if they are unable to agree on a list of 10 terms.  "If the parties cannot agree on the 10 most significant terms, the parties shall identify the ones which they do agree are most significant and then they may evenly divide the remainder with each party identifying what it believes are the remaining most significant terms. However, the total terms identified by all parties as most significant cannot exceed 10."

It is unclear what further efforts the parties made, or if they reached any agreements as to the terms to be construed. The parties' exchange of preliminary claim constructions under Rule 4-2 was due on May 7, 2021. Instead of serving a document setting out the information described in that rule, plaintiff served an "Opening Claim Interpretation Brief." Although plaintiffs' "brief" included some of the information required by Rule 4-2, its format makes it difficult or impossible to crystalize the disputes in the manner the rule is designed to do. Claim construction briefs are supposed to *follow* the Joint Claim Construction and Prehearing Statement of Rule 4-3, not precede it. See Rule 4-5 (opening claim construction brief due 45 days after Joint Claim Construction and Prehearing Statement).

Plaintiff thereafter proposed to defendant a form of Joint Claim Construction and Prehearing Statement that, like its Rule 4-2 disclosure, relied on the "Opening Claim Interpretation Brief" rather than setting out the information in the format contemplated by the rules. Defendant then proposed edits to the document that included (1) assertions by defendant that plaintiff had refused to engage in telephonic meet and confer negotiations to narrow the scope of the parties' disputes, and (2) a chart setting out the parties' positions on each disputed term, with the column for plaintiff's contentions left blank.

Plaintiff viewed the assertions that it had declined to meet and confer telephonically to be "an inaccurate personal attack" against its counsel. Plaintiff also felt it should not have to "provide additional claim construction briefing" by completing its portion of the contentions chart set up by defendant. Plaintiff therefore filed a unilateral statement in purported compliance with Rule 4-3.

Plaintiff's unilateral statement is insufficient. First, Civil Local Rule 1-5(n) provides:

> "Meet and confer" or "confer" means to communicate directly and discuss in good faith the issue(s) required under the particular Rule or order. Unless these Local Rules otherwise provide or a Judge otherwise orders, such communication may take place by telephone. The mere sending of a written, electronic, or voice-mail communication, however, does not satisfy a requirement to "meet and confer" or to "confer." Rather, this requirement can be satisfied only through direct dialogue and discussion – either in a face to face meeting or in a telephone conversation.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    In the event plaintiff in fact took the position that it had no obligation to meet and confer

2    except through email, it was mistaken. In the future, while the parties are free to utilize email as

3    long as negotiations are progressing smoothly, upon any impasse they must comply with Rule 1-

4    5(n).

5    Apart from any failure to meet and confer adequately, plaintiff's initial failure to comply

6    with Rule 4-2 has infected its attempt to present a proper Rule 4-3 statement. Plaintiff's claim

7    construction brief is not an adequate substitute for the direct statement of each of its claim

8    constructions and support, as described in the Rules. The parties are therefore ordered to engage in

9    further meet and confer negotiations, including telephonically or by videoconference if necessary,

10   to prepare a joint statement in conformance with Rule 4-3. Plaintiff is advised that the format

11   proposed by defendant is customary and generally appropriate. Being asked to submit information

12   in that format is not a requirement to "provide additional claim construction briefing."

13   The parties shall submit their joint Rule 4-3 statement within 10 days of the date of this

14   order. All other deadlines are extended by 21 days.

15

16   **IT IS SO ORDERED**.

17

18   Dated: June 1, 2021

19
_____
20   RICHARD SEEBORG
Chief United States District Judge
21

22

23

24

25

26

27

28

CASE NO. 20-cv-00313-RS